## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Mayfield

v.

District of Columbia et al.

Syrowski

v.

District of Columbia et al.

May 3, 1985

Case Nos. (Law) 8514 and 8515

By JUDGE DONALD H. KENT

This matter comes before the Court on defendants' motion to dismiss plaintiffs' motions for judgment on the grounds that plaintiffs' claims are barred by the "Fireman's Rule." Briefly, the facts are as follows. The plaintiffs are police officers for the City of Alexandria. The defendant, District of Columbia, operates the Lorton Reformatory and the defendant, James F. Palmer, is the Director of the Department of Corrections for the District of Columbia. On September 30, 1982, while on duty and pursuant to a police radio broadcast, the officers responded to the scene of an alleged robbery on Duke Street. While at the scene the officers observed a car being driven in a suspicious manner. After they activated their emergency equipment the driver of the other car tried to evade the officers and a chase excelled. The driver of the other car then exited his car and fired shots from a handgun wounding both officers. The driver of the other car was a convicted murderer who had escaped

from Lorton Reformatory allegedly due to the negligence of the defendants, their employees, agents and servants. The plaintiffs-officers filed suit against the defendants for the injuries they sustained as a result of the defendants' alleged "gross negligence and wanton disregard for the rights of others."

Simply stated, the Fireman's Rule operates to bar public servants, such as police officers and firefighters, from suing those persons whose negligence requires the assistance of such public servant who then sustains injuries while rendering assistance. "Case law draws a distinction between injuries stemming from the negligence that brought the firefighter or police to the scene in the first place and injuries suffered from independent causes that may follow." (*Berko v. Freda*, 459 A.2d 663, 665 (N.J. 1983), citing, *Krueger v. City of Anaheim*, 130 Cal. App. 3d 166, 170 (1982)). In the case at bar, the alleged negligence of the defendants was not the reason for the plaintiffs' presence at the site where they were injured. Rather, their presence was occasioned by a robbery alarm unrelated to any negligence on the part of the defendants. It was, in fact, a coincidence that the escaped convicted murderer was driving a car in the area of the robbery alarm. The officers purpose in being where they were was not to catch an escaped prisoner.

The Court finds that the Motions for Judgment state a cause of action and are not barred by the "Fireman's Rule."